UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

<u>Keven A. McKenna</u>,
     Plaintiff

     v.                             Case No. 11-cv-602-SJM-LM

<u>Marc DeSisto, Debra Saunders,</u>
<u>J. Joseph Baxter, Deborah Walsh,</u>
<u>and Paul Suttell</u>,
     Defendants

## O R D E R

Keven McKenna, a Rhode Island attorney, seeks to enjoin an investigation into his finances by Rhode Island Assistant Disciplinary Counsel Marc DeSisto.  He sues DeSisto and several other officials of the state court system, including the Chief Justice of the Rhode Island Supreme Court.

Defendants move to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), raising issues related to judicial immunity, standing, abstention, and the legal sufficiency of plaintiff's claims (document no. 10).  McKenna objects (document no. 12).

Although defendants urge dismissal on several grounds, consideration of defendants' motion need not move beyond the abstention issue.  <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

The federal relief McKenna seeks would require federal interference in an ongoing state administrative proceeding.  The entire suit, therefore, is necessarily dismissed.  <u>See</u> <u>Rossi v. Gemma</u>, 489 F.3d 26, 39 (1st Cir. 2007) (where district court properly abstained from hearing federal claims for declaratory and injunctive relief, its dismissal of state law claims under its broad discretion to deny supplemental jurisdiction was also proper).


## Standard of Review

While it remains unresolved in this circuit "whether a <u>Younger</u> motion to dismiss is properly viewed as a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, or a Rule 12(b)(6) motion to dismiss for failure to state a claim," <u>Massachusetts Delivery Ass'n v. Coakley</u>, 671 F.3d 33, 40 n.6 (1st Cir. 2012) (declining "to resolve this question here"), because the abstention issue can be resolved on the allegations of the complaint and public records (of which the court may take judicial notice), the court will apply Rule 12(b)(6)'s standard.[1]  <u>See</u> <u>id</u>. ("[T]he district court did not engage in any weighing of

---

[1]   Defendants refer to both Rule 12(b)(1) and Rule 12(b)(6).  <u>See</u> document no. 10, at pg. 1.  In their brief, however, they argue all grounds for dismissal, including abstention, under Rule 12(b)(6)'s "plausibility" standard.  <u>See</u> Def. Br., document no. 10, at pg. 9.

2

the evidence, but rather based its decision on the undisputed
facts, namely the complaint and certain public documents.").


Accordingly, the court accepts the complaint's properly pled
allegations as true.  See Ocasio-Hernandez v. Fortuno-Burset, 640
F.3d 1, 8 (1st Cir. 2011).  However, because conclusory
allegations and "'naked assertion[s]'" will not "suffice," the
complaint "must contain sufficient factual matter, accepted as
true, to 'state a claim to relief that is plausible on its
face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).


## Background

The following facts are drawn from the complaint and from
public records.  McKenna is an attorney who has practiced law in
Rhode Island since 1973.  For many years, McKenna was the sole
stockholder and officer of Keven A. McKenna P.C. (the "PC").  In
2005, McKenna filed suit challenging the "constitutional ability"
of the then-Chief Justice of the Rhode Island Supreme Court, "to
hold dual state and federal judicial positions."  Complaint,
document no. 1, at pg. 7.  In addition to his 2005 lawsuit,
McKenna, from 2008 through 2011, publically criticized the former
Chief Justice, and the current Chief Justice, "for usurping will
of the voters contained in the . . . . 2004 Separation of Powers

3

Constitutional Amendment." Id. According to McKenna, state laws passed just months before approval of the 2004 Separation of Powers Constitutional Amendments "are in conflict" with those amendments because they assign the budgetary, hiring, appointment, property management, and regulatory powers of the legislature and the Governor to the Chief Justice and top administrators of the Rhode Island Supreme Court. Id. at 6-7.

According to public records, McKenna's firm, Keven A. McKenna, P.C., filed for bankruptcy protection in early 2010. McKenna notified the Rhode Island Supreme Court that he would practice law as a limited liability corporation. According to the complaint, defendants thereafter began "an otherwise unfounded and unconstitutional pre-textual administrative inquisition of the Plaintiff's practice of law" as "retaliation for his criticisms of the Rhode Island Supreme Court's abuse of the sole powers of the General Assembly and [their] . . . misuse of the sole executive powers of the Governor." Complaint, document no. 1, pg 7.

The "administrative inquisition" is alleged to have begun contemporaneously with the Rhode Island Supreme Court's ruling on McKenna's application to practice law as a limited liability corporation. Id. By order dated February 23, 2011, the Court

4

stated that it would reconsider McKenna's application to practice law as an LLC upon certification by McKenna that he had withdrawn his professional corporation from pending cases and had notified its clients that the bankrupt PC was no longer engaged in the practice of law.  The Court further provided that "[i]f the certification is not received by the Court within thirty (30) days of this Order, the Court will deem the limited liability entity license application . . . withdrawn and may refer this matter to the Court's disciplinary Counsel."  Document No. 10-4.

McKenna thereafter withdrew his application "to do business as a lawyer in a Limited Liability Corporation" and "then changed the purpose and name of his Limited Liability Corporation to a staff support corporation, McKenna Support Services, LLC, instead of a litigating corporation."  Complaint, document no. 1, pg. 9.

The investigation allegedly continued thereafter when, in July of 2011, Chief Justice Suttell appointed Marc DeSisto as Assistant Disciplinary Counsel to "inquir[e] about possible bookkeeping errors in Plaintiff's business accounts."  Id. at pg. 8.  In furtherance of the investigation, DeSisto, and Clerk of the Court Saunders, issued subpoenas duces tecum to McKenna and Sovereign Bank, on September 12 and October 18, 2011, respectively, seeking McKenna's business and bank records.

McKenna responded to both subpoenas by filing a "motion to quash before the R.I. Disciplinary Board." <u>Id</u>. at pg. 11.

In December 2011, McKenna filed this federal suit for declaratory and injunctive relief.  At that time, the state Disciplinary Board had not yet ruled on McKenna's motions to quash the subpoenas.  <u>Id</u>.

The complaint in this case requests the following declarations: (1) that the investigation, including the issuance of subpoenas, violates the state constitution, statutes, and attorney disciplinary rules; (2) that certain attorney disciplinary rules and state laws delegating powers to the Rhode Island Judicial Branch[2] violate the state constitution;[3] and (3)

---

[2]     It appears that McKenna is suing Defendants Baxter and Walsh only insofar as he challenges state statutes governing their positions as State Court Administrator and State Director of Court Finance, respectively.

[3]     Count II of the complaint, entitled "Unconstitutional Statutes in Violation of State Separation of Powers," seeks declaratory relief only, and only on state constitutional grounds.  In this context, Count II is construed as stating claims under state law only, notwithstanding its passing reference to federal constitutional principles (which, in any event, are not tied to any request for relief).  <u>See</u> <u>McCready v. eBay, Inc.</u>, 453 F.3d 882, 890 (7th Cir. 2006) (complaint did not state federal rescission claim under the Bankruptcy Code where three paragraphs which mentioned the Bankruptcy Code were "buried in Count X, which is entitled 'Breach of Contract'").  Even if Count II did state a federal claim for declaratory relief, the court would decline to hear it pursuant to its broad discretion under the Declaratory Judgment Act, 28 U.S.C. Sec. 2201(a).

that the investigation, including the issuance of subpoenas, violates McKenna's federal constitutional rights to free speech, freedom from unreasonable seizure of personal effects and papers, and due process.[4]  The complaint also seeks an injunction quashing the subpoenas and enjoining defendants from further interfering with his state and federal constitutional rights.

## Discussion

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that, barring exceptional circumstances, federal courts should not enjoin pending state criminal proceedings.  Id. at 41. In subsequent decisions, the Court concluded that Younger applies in the civil context as well, Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 (1986), including state administrative proceedings.  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 433-34 (1982).  See generally Massachusetts Delivery Ass'n, 671 F.3d at 40-42 ("Younger abstention has extended far beyond its original roots of non-interference with state criminal prosecutions.").

---

[4]   Because the complaint names state, not federal, defendants, its references to the First and Fourth Amendments will be considered references to the rights contained in those amendments, as made applicable by the Fourteenth Amendment.  See Gitlow v. New York, 268 U.S. 652 (1925); Wolf v. Colorado, 338 U.S. 25 (1949).

Under the Younger doctrine, a federal court must abstain
from hearing a case "'when the requested relief would interfere
(1) with an ongoing state judicial proceeding; (2) that
implicates an important state interest; and (3) that provides an
adequate opportunity for the federal plaintiff to advance his
federal constitutional challenge.'" Id. (quoting Rossi, 489 F.3d
at 34-35). Whether the relief plaintiff seeks in federal court
would "interfere" with an ongoing state judicial proceeding "is a
'threshold issue.'" Id. (quoting Rossi, 489 F.3d at 35).

But "[e]ven if all these requirements are met, . . .
abstention is still not proper in certain "'extraordinary
circumstances' or 'unusual situations.'" Massachusetts Delivery
Ass'n, 671 F.3d at 41 (quoting Younger, 401 U.S. at 53-54). One
such situation is "extreme bias" which "completely renders a
state adjudicator incompetent and inflicts irreparable harm upon
the petitioner." Esso Standard Oil Co. v. Lopez-Freytes, 522
F.3d 136, 144 (1st Cir. 2008).

A.    Interference

"A federal-court proceeding 'interferes' with a state-court
proceeding for Younger purposes when it 'either enjoins the state
proceeding or has the practical effect of doing so.'" Montgomery
v. Montgomery, 764 F. Supp. 2d 328, 333 (D.N.H. 2011) (quoting

8

Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 70
(1st Cir. 2005).

Assuming that the Disciplinary Board's consideration of
McKenna's motions to quash the subpoenas is an ongoing judicial
proceeding, the relief he seeks in this court would plainly have
the effect of interfering with that proceeding.  For one thing,
relief McKenna seeks here is substantially the same relief he
seeks from the Disciplinary Board.  See Stein v. Quinn, 2006 WL
3091144, at * 3 (W.D. Wash. 2006) (finding "interference" for
purposes of Younger abstention where plaintiff, who challenged
seizure of his papers by state prison officials and requested
injunction for their return, sought "the same relief in state
court" that he was seeking in federal court).  In addition,
McKenna's claim to a federal right to be free from the described
state disciplinary investigation is doubtful at best, but it is
sufficient for these purposes to recognize that enjoining the
investigation itself would substantially interfere with the
Board's ability to adjudicate plaintiff's motions to quash the
subpoenas, since the subpoenas are in aid of the investigation
(indeed, the complaint itself characterizes them as such).  The
Board would, thereby, be effectively prohibited from rendering
any contrary enforcement determination.  Cf. Rossi, 489 F.3d at
35 (federal court declaration that state law is unconstitutional

would have the effect of rendering the continuation of the state

proceeding a violation of plaintiff's due process rights).


Younger's "interference" prerequisite is met in this case.


B.   Ongoing State Judicial Proceeding Implicating an Important
     State Interest

In Brooks v. New Hampshire Supreme Court, 80 F.3d 633 (1st

Cir. 1996), the court of appeals made clear that state "attorney

disciplinary proceedings are judicial proceedings for purposes of

Younger abstention."  Id. at 638 (citing Middlesex, 457 U.S. at

433-34).  Moreover, the court held, because states have a "vital

interest" in regulating attorney conduct, attorney disciplinary

proceedings meet Younger's further requirement that a state's

important interests be implicated.  Id.


Here, the pending administrative proceeding before the

Disciplinary Board, in which the Board will resolve the validity

of subpoenas issued by the assistant disciplinary counsel,

constitutes an ongoing judicial process that quite directly

implicates the state's important interest in regulating attorney

conduct.

C.   <u>Opportunity to Raise Constitutional Challenges</u>

For purposes of <u>Younger's</u> third prong, a "federal plaintiff alleging an inability to raise constitutional claims must demonstrate that 'state procedural law barred [the] presentation of'" those claims.  <u>Murphy v. City of Manchester</u>, 70 F. Supp. 2d 62, 69 (D.N.H. 1999) (Barbadoro, J.) (quoting <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 14 (1987)).

Here, McKenna does not assert that state law or procedural rules preclude him from pressing his federal constitutional arguments before the Disciplinary Board or the Rhode Island Supreme Court.  Absent some clear reason to think otherwise, the court must and does "'assume that state procedures will afford an adequate remedy.'"  <u>Id</u>. (quoting <u>Pennzoil</u>, 481 U.S. at 15).

For these reasons, <u>Youngers'</u> three-prong test, and the threshold "interference" requirement, are met in the present case.

D.   <u>Bias Exception</u>

Although this case meets <u>Younger's</u> requirements for abstention, McKenna seeks to avoid that result by invoking the doctrine's bias exception.

"[T]he baseline showing of bias necessary to trigger _Younger's_ escape mechanism requires the plaintiff to offer some evidence that abstention will jeopardize his due process right to an impartial adjudication." _Brooks_, 80 F.3d at 640.  McKenna asserts that he cannot obtain a fair hearing of his constitutional grievances because DeSisto and Chief Justice Suttell are biased against him, and structural bias infects Rhode Island's attorney disciplinary process.  _See_ _generally_ _Esso Standard Oil Co. v. Cotto_, 389 F.3d 212, 219 (1st Cir. 2004) (discussing actual and structural biases).  Neither argument is supportable.

1.   Actual Bias

The Disciplinary Board, whose members are appointed by the Rhode Island Supreme Court, consists of "eight (8) members of the bar and four (4) members of the general public."  R.I. Supreme Court Rules, Article III, Rule 4(a).  Decisions by the Disciplinary Board are subject to review by the Rhode Island Supreme Court by means of a petition for writ of certiorari, R.I. Gen. Laws Sec. 8-1-2, and a final recommendation by the Disciplinary Board relating to disciplinary action must be presented for Supreme Court review.  R.I. Supreme Court Rules, Art. III, Rule 6(d).

Although McKenna alleges that DeSisto, as assistant disciplinary counsel, is biased against him, he does not allege actual bias on the part of any of the twelve Disciplinary Board members.  Moreover, even if McKenna had alleged such bias, his decision to bring his claims before the Disciplinary Board without, apparently, requesting disqualification of any members, would undermine that allegation.  See Brooks, 80 F.3d at 640 ("The bias exception to the Younger abstention doctrine is inapposite if an ostensibly aggrieved party fails to employ available procedures for recusal of allegedly biased judges.").

Similarly, McKenna has not presented allegations of actual bias on the part of any justice other than Chief Justice Suttell. With respect to his bias claims against the Chief Justice, McKenna may, of course, seek recusal in the event the Disciplinary Board's ruling on McKenna's motions to quash is reviewed by the Rhode Island Supreme Court.

2.   Structural Bias

In support of his structural bias claim, McKenna contends that Rhode Island's Supreme Court Justices cannot fairly adjudicate the validity of the court's rules and procedures.  The court of appeals in Brooks rejected a similar argument.  Brooks, 80 F.3d at 635.  In that case, plaintiffs argued that New

13

Hampshire's Supreme Court Justices were "predisposed to uphold their own policies and rules" relating to attorney discipline. Id. Finding that plaintiffs had not established bias for Younger purposes, the court reasoned that "an entire group of adjudicators cannot be disqualified wholesale solely on the basis of an alleged institutional bias in favor of a rule or policy promulgated by that group." Id. (citing Doolin Security Savs. Bank v. FDIC, 53 F.3d 1395, 1407 (4th Cir.)). The same principle controls here.

Accordingly, because McKenna's "claims of general institutional bias" are not "harnessed to a further showing . . . such as a potential conflict of interest . . . or a pecuniary stake in the outcome of the litigation," Brooks, 80 F.3d at 635 (citations omitted), they must be rejected. McKenna has not adequately alleged either actual or structural bias sufficient to avoid the requirements of Younger.

### Conclusion

Defendants' motion to dismiss (document no. 10) is granted. Abstention under Younger v. Harris is required in this case. The case is dismissed without prejudice. See Rossi, 489 F.3d at 37 (dismissal, not stay, is warranted where no money damages are sought; dismissal of pendent state claims is proper).

14

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 27, 2012

cc:  Keven A. McKenna, pro se
     Rebecca T. Partington, Esq.
     Michael W. Field, Esq.

15