# United States Court of Appeals
## For the First Circuit

No. 12-2217

KEVIN A. MCKENNA,

Plaintiff, Appellant,

v.

MARC DESISTO, ET AL.,

Defendants, Appellees.

Before

Lynch, Chief Judge,
Howard and Kayatta, Circuit Judges.

JUDGMENT

Entered: June 10, 2013

Plaintiff-Appellant Keven McKenna appeals from the district court's dismissal, on the grounds of abstention under Younger v. Harris, 401 U.S. 37 (1971), of his lawsuit against various judicial officers and administrators of the court system of the state of Rhode Island, including the Disciplinary Board which oversees the conduct of attorneys in Rhode Island. Defendant-appellants have moved for summary disposition.

After our own thorough review of the briefs of the parties, including McKenna's opposition to the request for summary disposition, we affirm, for substantially the reasons set forth in the District Court's September 27, 2012 Memorandum and Order. The district court correctly found that all the requirements for Younger abstention were met, making abstention mandatory in the absence of an applicable exception. Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 68 (1st Cir. 2005); Middlesex Cnty Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423 (1982).

And McKenna's case does not meet any of the narrowly construed exceptions to Younger abstention. See Malachowski v. City of Keene, 787 F.3d 704, 709 (1st Cir. 1986). McKenna's claim that the Rhode Island Disciplinary Board and its Supreme Court are biased against him is

unconvincing. As this court has held, "a purely conclusory allegation" that members of an adjudicatory body "are predisposed to uphold their own policies and rules" is insufficient to show that Younger abstention is inappropriate: "an entire group of adjudicators cannot be disqualified wholesale solely on the basis of an alleged institutional bias in favor of a rule or policy promulgated by that group." Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 640 (1st Cir. 1996).

The delegation of authority to the Rhode Island Supreme Court and its Disciplinary Board to oversee attorney conduct is not flagrantly unconstitutional on its face. See Malachowski, 787 F.3d at 709. Finally, despite McKenna's allegations that the state's forum is inadequate, he does not identify a procedural rule that bars him from raising his constitutional claims in the context of proceedings before the Disciplinary Board or on appeal to the Supreme Court. Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 14 (1987). McKenna has not shown "plainly" that the proceeding before the Board together with a potential appeal to the Rhode Island Supreme Court would "not afford adequate protection." Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).

McKenna's other arguments are unconvincing. The motion for summary judgment is granted, and the judgment of the district court is affirmed.

By the Court:

/s/ Margaret Carter, Clerk.

cc:
Field, Michael W
McKenna, Keven Alexander
Partington, Rebecca Tedford
McKenna, P.C., Keven A.